UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| M.S. by next friend H.S., et al,<br>　　　　*Plaintiff*,<br><br>　　v.<br><br>FAIRFAX COUNTY PUBLIC SCHOOL BOARD,<br>　　　　*Defendants.* | No. 1:24-cv-00622-MSN-IDD |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant's Motion to Dismiss Plaintiff's Amended Class Action Complaint. ECF 27. Minor child M.S. (through parent/legal guardian H.S.)[1] ("Plaintiff") brings this class action against Fairfax County Public School Board (the "Board")[2] after Fairfax County Public Schools ("FCPS") disclosed sensitive, nonpublic information of its disabled students to an unauthorized party. But Plaintiff has failed to cure the deficiencies of the original complaint, which was previously dismissed by this Court. *See* ECF 22. For that reason, and for the reasons that follow, the Court will GRANT Defendant's motion.

---

[1] Plaintiff erroneously lists "H.S." as the Plaintiff in the amended complaint. *See* ECF 23 at 1. But, as Defendant highlights, "[t]o the extent the Amended Complaint is brought in H.S.'s name, rather than M.S. through H.S. as next friend, such a caption and definition of Plaintiff is in contravention of Virginia common law and Virginia Code § 8.01-8, which requires 'an action on behalf of a minor child be brought in the child's name, not in the name of his next friend.'" ECF 28 at 1, n.1 (quoting *Herndon v. St. Mary's Hosp. Inc.*, 266 Va. 472, 476 (2003) (interpreting Va. Code § 8.01-8)). Plaintiff acknowledges its error in the opposition to the motion to dismiss, *see* ECF 33 at 1, n.1, and this Court will accept Plaintiff's correction.

[2] Plaintiff also erroneously lists "Fairfax County Public Schools," and not Fairfax County Public School *Board*, as the Defendant in amended complaint caption. *See* ECF 23 at 1. Plaintiff appears to have corrected this error in the opposition brief, *see* ECF 33 at 1, but Defendant includes the improper caption in its briefing, *see* ECF 28 & 34. The proper Defendant in this matter is Fairfax County School ***Board*** ("the Board"), which is "the public school board that is responsible for overseeing the operation and management of the public education system of the Fairfax County Public Schools ('FCPS')." ECF 23 ¶ 21.

## I.   BACKGROUND

### A.   Factual Background[3]

FCPS students who are disabled[4] are required to provide "Private Information," including their names, dates of birth, student identification numbers, family member names, demographic information, family addresses, and medical history of impairments to FCPS. ECF 23 ¶ 1. Disabled students are required to provide such information so that FCPS can provide special education services to its disabled students through an Individualized Education Program ("IEP"). *Id.* ¶ 31.

In response to a request for access to her child's records, Callie Oettinger[5] was permitted by FCPS to review her child's records in October 2023. *Id.* ¶ 25. During her three-day review of the records, FCPS provided Ms. Oettinger access to boxes of paper files, thumb drives, and computer discs that contained the Private Information of other students (not just her child). *Id.* ¶ 26. Ms. Oettinger decided to copy several of these records onto her cell phone. *Id.* at ¶ 27. Although a FCPS paralegal was present to "supervise[]" Ms. Oettinger, she ultimately assisted Ms. Oettinger in her copying efforts and even called an IT expert to help transfer the files. *Id.* ¶ 28. Ms. Oettinger obtained the Private Information of approximately 35,000 FCPS students during her review. *Id.* ¶ 29. After Ms. Oettinger obtained this information, she provided the data to her attorneys at the Goldwater Institute in Phoenix, Arizona, and published the information in redacted forms on various websites. *Id.* ¶¶ 35-37.

---

[3] The Court assumes the truth of Plaintiff's factual allegations and draws all reasonable factual inferences in Plaintiff's favor for purposes of this motion. *Burbach Broad. Co. of Del. v. Elkins Radio Corp.*, 278 F.3d 401, 406 (4th Cir. 2002).

[4] Or those who are perceived to be disabled, those who have a record of disability, and/or those who sought an accommodation as provided by the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA") and/or Section 504 of the Rehabilitation Act of 1974, 29 U.S.C. §§ 701-797b ("Section 504"). ECF 23 at 6.

[5] FCPS previously litigated against Ms. Oettinger in 2021 when they sought to claw back a prior unauthorized disclosure of student records. See *Fairfax County School Board v. Oettinger et al.,* CL 2021-13491 (Fairfax County Circuit Court). ECF 23 ¶¶ 55-56.

On December 7, 2023, FCPS sent a notice to affected students and/or their legal guardians, notifying them of the disclosure. *Id.* ¶ 38. In its notice, FCPS explained that

> This matter occurred on or about October 19, 2023. During an in-person review of information related to the reviewer's own child, information relating to other students was ***inadvertently and unknowingly*** made accessible to a parent who retained an electronic copy of that information. Thereafter, the parent redacted the information related to other students and published the redacted information. Since learning of its publication on November 1, 2023, FCPS has worked to contain and secure the deletion of the information involved in this matter.
>
> We have determined that the information involved may have included one or more of the following types of student ***educational related information***: student names, dates of birth, student identification numbers, the names of student family members, demographic information, family addresses, and/or other information that could be used to traceably identify an individual student. Examples of these materials include academic advising spreadsheets and/or student courseload information.

ECF 23-1[6] (emphasis added).

**B.    Procedural History**

On April 15, 2024, Plaintiff sued the Board alleging violations of Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act.[7] ECF 1 at 49. On September 13, 2024, the Court granted Defendant's motion to dismiss, but provided Plaintiff the opportunity to amend the complaint. During the motions hearing, the Court expressed concern that "there is a lack of standing here; and, perhaps as significantly, a real lack of clarity on what this claim is about." ECF 26, Tr. 4:2-4. The Court highlighted the "disconnect" between Plaintiff's concern about the handling of disabled students' private information and its ADA discrimination claim. *Id.* Tr. 13:21. Specifically, the Court cautioned:

---

[6] On a motion to dismiss, "courts may also consider exhibits attached to the complaint." *Bryant v. Vargo*, 2016 WL 4435684, at *2 (E.D. Va. Aug. 17, 2016) (citations omitted). Plaintiff, however, claims that this notice is misleading for several reasons, namely because in Plaintiff's view the disclosure was not "inadvertent." ECF 23 ¶¶ 44-45.

[7] As the corporate body for FCPS, the Board "is a recipient of federal financial assistance within the meaning of 20 U.S.C. § 1681(a) and a 'person' within the meaning of the ADA and Section 504." ECF 23 ¶ 21.

> I think you [Plaintiff] need to be able to articulate … exactly how [this matter] fits within the rubric of an ADA claim. This is not a tester case; it's not an accommodations case. And if, ultimately, the issue is this subset of students was potentially put in jeopardy because they provided this information in order to get special education services from Fairfax, but it was turned over, the question is, ***how does that ultimately relate to the ADA?***

*Id.* Tr. 14:1-8 (emphasis added). On October 11, 2024, Plaintiff filed an amended complaint on behalf of all persons whose private information was compromised as a result of the October 2023 disclosure. *See generally* ECF 23. Plaintiff presents the same underlying factual allegations as the original complaint and virtually the same causes of action, although this time broken out into five discrete counts:

1. **Count One:** Violation of Title II of the Americans with Disabilities Act of 1990: Disparate Treatment. *Id.* ¶¶ 78-100.

2. **Count Two:** Violation of Section 504 of the Rehabilitation Act: Disparate Treatment. *Id.* ¶¶ 101-110.

3. **Count Three:** Violation of Title II of the Americans with Disabilities Act of 1990: Disparate Impact. *Id.* ¶¶ 111-119.

4. **Count Four:** Violation of Section 504 of the Rehabilitation Act: Disparate Impact. *Id.* ¶¶ 120-130.

5. **Count Five:** Declaratory Relief. *Id.* ¶¶ 131-139.

Defendants once again moved to dismiss. ECF 27.

## II. ANALYSIS

### A. Standing

The Court must dismiss a claim under Rule 12(b)(1) if it lacks subject-matter jurisdiction. "[P]laintiff[] bears the burden of proving that subject-matter jurisdiction exists." *The Piney Run Preservation Ass'n v. The Cty. Com'rs of Carroll Cty. Md.*, 523 F.3d 453, 459 (4th Cir. 2008). To establish subject-matter jurisdiction, a plaintiff must, among other things, plead facts sufficient to show Article III standing. That is, a plaintiff must prove that he has (1) suffered an injury in fact,

4

(2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).) Specifically, "[i]n a class action, [courts] analyze standing based on the allegations of personal injury made by the named plaintiffs." *Beck v. McDonald*, 848 F.3d 262, 269 (4th Cir. 2017).

The parties disagree about the characterization of the relevant injury-in-fact. Plaintiff repeatedly rejects the notion that this is "data breach" claim. *See* ECF 33 at 1 ("[T]his is *not* a data breach litigation." (emphasis in original)). Yet Defendants continue to cite data breach cases to support their argument that Plaintiff lacks standing. *See* ECF 28 at 7-9. To the extent that Plaintiff seeks to advance a data breach theory (despite protestations to the contrary), there is no standing. *See, e.g. Holmes v. Elephant Insurance Co.*, 2023 WL 4183380, at *3 (E.D. Va. June 26, 2023) ("The Fourth Circuit has consistently 'held that being subjected to a data breach isn't in and of itself sufficient to establish Article III standing without a nonspeculative, increased risk of identity theft.'" (quoting *O'Leary v. TrustedID, Inc.*, 60 F.4th 240, 244 (4th Cir. 2023)). But accepting Plaintiff's ADA and Section 504 theories of injury, this Court will proceed to analyze Plaintiff's claims on the merits.

### B. Failure to State a Claim

This Court may dismiss a claim when the complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When considering a motion under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences in favor of the plaintiff." *E.l. du Pont de Nemours & Co. v. Kolon*

*Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted). But this Court need not credit conclusory allegations. *See Ashcroft v. Iqbal,* 556 U.S. 662, 675 (2009).

Plaintiff alleges disparate treatment and disparate impact, under both the ADA and Section 504. These statutes can be analyzed together. *See Wicomico Nursing Home v. Padilla*, 910 F.3d 739, 750 (4th Cir. 2018) (explaining that failure to state an ADA discrimination claim necessitates dismissal of related Section 504 claim because of the latter's "stricter causation requirement"); *accord Baird ex rel. Baird v. Rose*, 192 F.3d 462, 468-69 (4th Cir. 1999).

### 1. Disparate Treatment

"To make out a basic [prima facie] ADA violation, [Plaintiff] must show that he: (1) has a disability; (2) was otherwise qualified to get some public program, service, or activity; and (3) was denied that program, service, or activity on the basis of his disability." *Koon v. North Carolina*, 50 F.4th 398, 405 (4th Cir. 2022).

This Court finds that Plaintiff has failed to state a claim for disparate treatment. **First**, it is not clear what program, service, or activity (if any) FCPS has denied disabled students. It seems logical, as Defendant posits, to look to the Individuals with Disabilities Education Act ("IDEA"), which has the goal of providing disabled children with a free appropriate public education ("FAPE") in the "least restrictive and appropriate environment, with the child participating, to the extent possible, in the same activities as non-disabled children." ECF 28 at 16 (quoting *MM ex rel. DM v. Sch. Dist. of Greenville Cty.*, 303 F.3d 523, 526 (4th Cir. 2002) (citing 20 U.S.C. § 1412(a)(5)(A)). But Plaintiff claims that this is <u>not</u> a case brought under the IDEA. *See* ECF 33 at 1.[8] Rather, Plaintiff alleges that because the disclosure only impacted disabled students, such

---

[8] And even if it were, Plaintiff fails to "plead any facts that he was denied meaningful access to education under the IDEA, such as the denial of services, programs, activities, benefits, jobs, or other education opportunities." ECF 28 at 16.

6

students "have been reasonably deterred from seeking further accommodations from FCPS." ECF 23 ¶ 98. The fundamental problem with Plaintiff's deterrence argument, however, is that Plaintiff has failed to allege any accommodations that Plaintiff has foregone because of the disclosure. ECF 28 at 11. The Court therefore cannot credit this conclusory deterrence allegation. Ultimately, Plaintiff fails to plead *facts* that show a *denial* of a program, service, or activity. For that reason, Plaintiff has failed to state a claim for disparate treatment.

***Second***, even if Plaintiff could state a claim for disparate treatment, Plaintiff cannot prove the "intentional discrimination" required to recover compensatory damages under the ADA.[9] Although the Fourth Circuit has not specifically determined the appropriate standard for proving intentional discrimination, most courts favor a deliberate-indifference standard. *See Koon*, 50 F.4th at 404. "[D]eliberate indifference here requires that [Plaintiff] prove that some [FCPS] official with the authority to address his problem both had knowledge of his federally protected rights and nonetheless failed to help him." *Koon*, 50 F.4th at 407. Here, FCPS made an inadvertent disclosure that they later tried to remedy by notifying students and engaging outside counsel to further investigate the matter. *See* ECF 23-1; *Koon*, 50 F.4th at 407 ("[G]ood-faith efforts to remedy the plaintiff's problems will prevent finding deliberate indifference, absent extraordinary circumstances."). Accordingly, Plaintiff has failed to allege facts to show an entitlement to compensatory damages under the ADA.

### 2. Disparate Impact

Plaintiff also seeks equitable and compensatory relief under a disparate impact theory. A prima facie case of disparate impact requires the plaintiff to: (1) identify the specific practices or

---

[9] To plead an ADA claim for disparate treatment and obtain compensatory damages, Plaintiff must (1) establish a prima facie ADA violation "and [2] show that the violation was intentional." *Koon*, 50 F.4th at 403.

policies being challenged; (2) show disparate impact; and (3) prove causation. *Rose v. Wells Fargo & Co.*, 902 F.2d 1417, 1424 (9th Cir. 1990). Plaintiff must "show that the policy or practice that is facially neutral has a more harsh effect on the protected class." *Thompson v. Virginia Dept. of Game & Inland Fisheries*, 2007 WL 984225, at *3 (W.D. Va. Mar. 30, 2007).

This Court finds that Plaintiff has also failed to state a claim for disparate impact. **First**, there is no indication that the inadvertent disclosure (and even any prior disclosures) was FCPS' standard operating procedures instead of a merely unusual occurrence. *See Medeiros v. Wal-Mart Inc.*, 434 F. Supp. 3d 395, 416 (W.D. Va. 2020) ("The policy or practice contemplated by disparate impact doctrine consists of more than the mere occurrence of accidental or sporadic discriminatory acts, having reference instead to [the defendant's] standard operating procedure, the regular rather than the unusual practice."). Despite Plaintiff's attempts to characterize FCPS' practices as their regular practices, that is a conclusory allegation that cannot be credited on a motion to dismiss. **Second**, Plaintiff has failed to adequately allege a "more harsh effect" on a protected class. Plaintiff fails to include a single allegation about the treatment of non-disabled students. "Thus, where only one group or class of persons is affected by a particular decision, there is no disparity in treatment between groups and no 'disparate impact.'" *Pathways Psychosocial v. Town of Leonardtown*, 133 F. Supp. 2d 772, 788 (D. Md. 2001) (citation omitted). Accordingly, Plaintiff has failed to state a claim for disparate impact.[10]

### III. CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that Defendant's motion to dismiss (ECF 27) is GRANTED; and it is further

---

[10] Because Plaintiff has failed to state a claim under either the ADA or Section 504, Plaintiff is not entitled to declaratory relief. *See, e.g.*, *Hardnett v. M&T Bank*, 204 F. Supp. 3d 851, 862 (E.D. Va. 2016) (granting motion to dismiss declaratory judgment claim because "declaratory relief serves no useful purpose in these circumstances: the Complaint contains substantive claims that address the same conduct as the request for declaratory relief").

ORDERED that Plaintiff's claims are DISMISSED.

The Clerk is directed to close this civil action.

**SO ORDERED.**

/s/
Michael S. Nachmanoff
United States District Judge

February 28, 2025
Alexandria, Virginia